******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JACQUI SMITH
(AC 39744)

Lavine, Bright and Bishop, Js.

*Syllabus*

Convicted of the crimes of criminal possession of a firearm, possession of a weapon in a motor vehicle, and carrying a pistol or revolver without a permit, the defendant appealed to this court. The defendant, J and C had met to work out an argument between the defendant and J, both of whom had brought guns to the scene that were placed in the trunk of C's vehicle. The defendant, J and C were in the defendant's vehicle, which was parked near C's unoccupied vehicle on the right side of a street, when a police officer, P, drove along the left side of the defendant's vehicle. When the defendant attempted to drive off, P pulled in front of the defendant's vehicle in order to block it and approached the vehicle. After the defendant failed to produce his operator's license, registration or insurance card, P arrested him and drove him to the police department. During the drive, the defendant made an unsolicited statement that he had brought a gun in order to settle a score with J. One of the police officers that remained at the scene opened the trunk of C's vehicle, where he saw the two handguns. *Held* that the evidence was sufficient to support the defendant's conviction of criminal possession of a firearm, possession of a weapon in a motor vehicle, and carrying a pistol or revolver without a permit; the jury reasonably could have found that the defendant, a convicted felon, had a handgun in his vehicle for which he did not have a permit and was guilty as charged, as C testified that the defendant arrived at the scene with a gun, the jury reasonably could have inferred from P's testimony regarding the defendant's unsolicited statement that the defendant drove to the scene with a handgun in his vehicle, and although the defendant challenged the reliability of the testimony of C and P, as well as the testimony of other state witnesses, that claim failed because it was predicated on credibility determinations made by the jury.

Argued April 18—officially released June 26, 2018

*Procedural History*

Substitute information charging the defendant with the crimes of criminal possession of a firearm, possession of a weapon in a motor vehicle, and carrying a pistol or revolver without a permit, brought to the Superior Court in the judicial district of Fairfield and tried to the jury before *Kavanewsky, J.*; thereafter, the court denied the defendant's motion to dismiss; verdict and judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Mary Boehlert*, assigned counsel, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *John C. Smriga*, state's attorney, and, on the brief, *C. Robert Satti, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jacqui Smith, appeals from the judgment of conviction, rendered after a trial to a jury, of criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1),[1] possession of a weapon in a motor vehicle in violation of General Statutes § 29-38 (a), and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a).[2] On appeal, the defendant claims that there was insufficient evidence from which the jury reasonably could have found him guilty of the three crimes. We affirm the judgment of the trial court.

On the basis of the evidence before it, the jury reasonably could have found the following facts beyond a reasonable doubt. On July 28, 2014, Keith Johnson was living near the intersection of Indian Place and Indian Avenue in Bridgeport. Tonahja Cohen and Johnson are cousins. At approximately 5:30 p.m. on that date, the defendant called Cohen and asked him to come to the place where Johnson was living. Cohen drove to the location in his Chevrolet Monte Carlo automobile and parked behind the defendant's Chevrolet Malibu automobile. He met the defendant, who was angry, but Cohen did not know why. The defendant had a handgun, which Cohen took from him and put in the trunk of the Monte Carlo. Cohen wanted to ensure that nothing happened. He then went into the house and asked Johnson to come outside. When Johnson came out, he too had a gun, which was put in the trunk of the Monte Carlo. The defendant, Johnson, and Cohen got into the Malibu, which the defendant drove around while they tried to work things out. According to Cohen, Johnson and the defendant were arguing about "some bullshit."

At about that time, Officer Brian Pisanelli of the Bridgeport Police Department received a radio communication from Officer Bruno Rodrigues that prompted Pisanelli to drive to Indian Avenue. Detective Martinez was in a car directly behind Pisanelli. As Pisanelli drove north on Indian Avenue, approaching its intersection with Indian Place, he saw a Malibu with three occupants and an unoccupied Monte Carlo parked on the right side of the street. He drove along the left side of the Malibu. The defendant attempted to drive off at a high rate of speed but Pisanelli was able to pull in front of the Malibu and block it.

Pisanelli approached the Malibu and asked the defendant for his operator's license, registration, and insurance card, which the defendant was unable to produce. Pisanelli issued a motor vehicle summons to the defendant, who gave his address as 190 Denver Avenue in Bridgeport. Pisanelli arrested the defendant, placed him in the rear seat of his patrol car and drove him to the police department on Congress Street. During the drive, Pisanelli did not question the defendant but the defen-

dant spontaneously stated, "I brought that gun over to settle the score with [Johnson]."

Other Bridgeport police officers arrived on the scene: Rodrigues, Officer Ilidio Pereira, Detective Borrico and Detective John Tenn. Those officers interacted with Cohen and Johnson. Rodrigues asked Cohen if he could search the Monte Carlo. Cohen agreed, gave Rodrigues the keys, and stated that whatever is in there was not his. Rodrigues used the keys to open the trunk of the Monte Carlo, where he saw two handguns. Cohen was placed under arrest and later was charged with possession of firearms in a motor vehicle.

In May, 2016, the defendant was charged in a substitute information with criminal possession of a firearm by a person previously convicted of a felony in violation of § 53a-217 (a) (1),[3] possession of a weapon in a motor vehicle in violation of § 29-38 (a),[4] and carrying a pistol or revolver without a permit in violation of § 29-35 (a).[5] At trial, he stipulated that he was a convicted felon.

Cohen testified at trial that he was charged with two counts of possession of weapons in a motor vehicle and that he pleaded guilty to those charges and could be sentenced to ten years incarceration, execution suspended after five years in prison, with the right to argue for less. He, however, expected that the sentencing judge would be informed of his testimony in the present matter and that he would receive a sentence of probation only. Cohen also testified that he was convicted of two felonies in 2013, was sentenced to probation, and that he had violated his probation. Given his two prior felony convictions, Cohen knew that being charged in the present matter was a federal crime. In addition, Cohen had new charges pending against him in New Haven.

Marshal Robinson, a firearms examiner, testified that the Ruger handgun and the Smith & Wesson semi-automatic weapon retrieved from the trunk of the Monte Carlo were operable. Vincent Imbimbo, an employee of the state police firearms unit, testified that he was unable to locate a pistol permit issued to the defendant.

At the conclusion of the state's case-in-chief, counsel for the defendant orally moved that the charges against the defendant be dismissed on the ground that the state's key witness, Cohen, lacked credibility given his criminal record and the consideration he expected at his pending sentence. Cohen was the only person who testified that he saw the defendant with a gun. The court noted that Pisanelli testified that the defendant made an unsolicited statement that he had brought a gun with him. The court stated that the question of credibility was for the jury to determine and found, therefore, that there was sufficient evidence from which the jury reasonably could find the defendant guilty beyond a reasonable doubt. The court, therefore, denied

the defendant's motion to dismiss the charges.

The jury found the defendant guilty of all charges. On September 9, 2016, the court sentenced the defendant to ten years incarceration, two of which are mandatory, to be served concurrently with an unrelated conviction.[6] The defendant appealed.

The defendant claims on appeal that there was insufficient evidence to establish his conviction of criminal possession of a firearm in violation of § 53a-217 (a) (1),[7] possession of a weapon in a motor vehicle in violation of § 29-38 (a)[8] and carrying a pistol without a permit in violation of § 29-35 (a)[9] because there is insufficient evidence that he possessed a handgun in his motor vehicle for which he did not have a permit. The defendant's claim basically challenges the jury's credibility determinations and, therefore, fails.

"In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether [on the basis of] the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . This does not require that each subordinate conclusion established by or inferred from the evidence, or even from other inferences, be proved beyond a reasonable doubt . . . because this court has held that a jury's factual inferences that support a guilty verdict need only be reasonable." (Internal quotation marks omitted.) *State* v. *Robert S.*, 179 Conn. App. 831, 835, 181 A.3d 568, cert. denied, 328 Conn. 933,      A.3d (2018).

"In reviewing the sufficiency of the evidence, a court considers whether there is a reasonable view of the evidence that would support a *guilty* verdict. . . . In doing so, the court does not sit as a [seventh] juror who may cast a vote against the verdict based upon our feeling that some doubt of guilt is shown by the cold printed record. . . . [It] cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict. . . . Thus, a court will not reweigh the evidence or resolve questions of credibility in determining whether the evidence was sufficient." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Soto*, 175 Conn. App. 739, 746–47, 168 A.3d 605, cert. denied, 327 Conn. 970, 173 A.3d 953 (2017).

The defendant claims that the state failed to prove

beyond a reasonable doubt that he possessed an operable handgun in a motor vehicle because the state's case primarily relied on Cohen's testimony. The defendant argues that Cohen was not a credible witness because he is a convicted felon, who testified that one of the handguns belonged to the defendant in order to avoid being sentenced to prison and to protect Johnson, his cousin. In asserting this claim, the defendant has ignored Pisanelli's testimony that the defendant spontaneously admitted to him that he "brought the gun over to settle the score with" Johnson. The defendant, however, claims that the testimony "just does not make sense" given the defendant's experience in the criminal justice system and the circumstances surrounding his arrest. The defendant claims as well that the testimony of other state witnesses was unpersuasive, particularly the testimony regarding the defendant's place of residence and whether he had a permit for a handgun. The defendant's claim, therefore, is predicated on a credibility determination made by the jury. The record discloses that during its deliberations, the jury focused on the testimony of both Cohen and Pisanelli and asked to rehear their respective testimonies. The testimony of both witnesses reasonably supported the jury's determination that the defendant brought a handgun near the intersection of Indian Avenue and Indian Place on July 28, 2014. Cohen testified that the defendant arrived at the scene with a gun, and the jury reasonably could have inferred from Pisanelli's testimony that the defendant drove to the scene with a handgun in his Malibu. "Insofar as this is a pure credibility determination, it is unassailable." *Breton* v. *Commissioner of Correction*, 325 Conn. 640, 694, 159 A.3d 1112 (2017).

"Credibility must be assessed . . . not by reading the cold printed record, but by observing firsthand the witness' conduct, demeanor and attitude. . . . An appellate court must defer to the trier of fact's assessment of credibility because [i]t is the [fact finder] . . . [who has] an opportunity to observe the demeanor of the witnesses and the parties; thus [the fact finder] is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom. . . . As a practical matter, it is inappropriate to assess credibility without having watched a witness testify, because the demeanor, conduct and other factors are not fully reflected in the cold, printed record. . . . We, therefore, defer to the [trier of fact's] credibility assessments . . . ." (Internal quotation marks omitted.) *State* v. *Crespo*, 145 Conn. App. 547, 571–72, 76 A.3d 664 (2013), aff'd, 317 Conn. 1, 115 A.3d 447 (2015).

On the basis of our review of the evidence presented, we conclude the jury reasonably could have found that on July 28, 2014, the defendant, a convicted felon, had a handgun in his motor vehicle for which he did not have a permit and was guilty as charged. The defendant's claim on appeal, therefore, fails.

The judgment is affirmed.

[1] Although § 53a-217 (a) (1) was the subject of a technical amendment in 2015; see Public Acts, Spec. Sess., June, 2015, No. 15-2, § 6; that amendment has no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[2] Although § 29-35 (a) was the subject of a technical amendment in 2016; see Public Acts 2016, No. 16-193, § 9; that amendment has no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[3] General Statutes § 53a-217 (a) provides in relevant part that "[a] person is guilty of criminal possession of a firearm . . . when such person possesses a firearm, ammunition . . . and (1) has been convicted of a felony committed prior to, on or after October 1, 2013 . . . ." Pursuant to General Statutes § 53a-3 (19) a "pistol . . . whether loaded or unloaded from which a shot may be discharged" is a firearm.

[4] General Statutes § 29-38 (a) provides in relevant part that "[a]ny person who knowingly has, in any vehicle owned, operated or occupied by such person . . . any pistol or revolver for which a proper permit has not been issued as provided in section 29-28 . . . shall be guilty of a class D felony . . . ."

[5] General Statutes § 29-35 (a) provides in relevant part that "[n]o person shall carry any pistol or revolver upon his or her person, except when such person is within the dwelling house or place of business of such person, without a permit to carry the same issued as provided in section 29-28. . . ."

[6] The court also imposed a $5000 mandatory fine on the defendant, but remitted it because the court did not believe that the defendant had the ability to pay it.

[7] To prove that the defendant was in criminal possession of a firearm, the state must prove that the defendant unlawfully possessed a firearm and previously had been convicted of a felony prior to, on or after October 1, 2013. See *State* v. *Franklin*, 175 Conn. App. 22, 38–39, 166 A.3d 24, cert. denied, 327 Conn. 961, 172 A.3d 801 (2017).

[8] To prove that the defendant unlawfully possessed a weapon in a motor vehicle in violation of § 29-38 (a), the state "must prove that the defendant: (1) owned, operated or occupied the vehicle; (2) had a weapon in the vehicle; (3) knew the weapon was in the vehicle; and (4) had no permit or registration for the weapon." *State* v. *Davis*, 324 Conn. 782, 794–95, 155 A.3d 221 (2017).

[9] "To establish that a defendant is guilty of carrying a pistol without a permit in violation of § 29-35 (a), the state must prove that the defendant: (1) carried a pistol or revolver upon his or her person; (2) did so without the proper permit; and (3) was not within his or her dwelling house or place of business." *State* v. *Davis*, 324 Conn. 782, 794, 155 A.3d 221 (2017).